# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
JAMES M. HEAD,                                          )
                                                        )
         Plaintiff,                   )
                                                        )
        v.                           )      Civil Action No. 14-1020 (RBW)
                                                        )
FEDERAL BUREAU OF PRISONS, *et al.*,   )
                                                        )
        Defendants.                  )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on the Defendants' Motion to Dismiss, ECF No. 5.  The motion will be granted.

## I.  BACKGROUND

The "[p]laintiff has been incarcerated . . . since at least December 7, 1977 [, as] the result of two murder convictions by way of a jury trial in the Superior Court of the District of Columbia."  Plaintiff's First Amended Complaint Jurisdiction & Parties, ECF No. 4 ("Am. Compl.") ¶ 7; *see Head v. United States*, 451 A.2d 615 (D.C. 1982) (affirming convictions on two counts of first-degree felony murder while armed, two counts of first-degree premeditated murder while armed, and two counts of armed robbery).  On July 30, 1980, the Superior Court imposed a life sentence "with a parole eligibility date slated for December 2, 2013."  Am. Compl. ¶ 8.

The plaintiff, who currently is incarcerated at the Federal Correctional Institution in Petersburg,Virginia, *id*. ¶ 1, explains that he was to serve a mandatory minimum sentence of 20 years, *id*. ¶ 9.  He claims that the "nonmandatory portion of [his] sentence was subject to reduction based upon receipt of good time credits," *id*. ¶ 10, pursuant to "the District of Columbia Good Time Credits Act which became effective on April 11, 1987," *id*. ¶ 11. According to the plaintiff, he "is entitled to ten (10) days good time credit for each month of his sentence," *id*. ¶ 13, and because credit accrued but could not be applied while he served the 20-year mandatory minimum sentence, "said credit[] transformed into personal property which in turn granted [him] a vested property interest," *id*. ¶ 15.  Neither the Federal Bureau of Prisons ("BOP"), *see id*. ¶¶ 16-18; *see also id*., Exhibit ("Exh.") 2 (Administrative Remedy Attempt at Informal Resolution), nor the United States Parole Commission ("USPC"), *see id*. ¶ 21, has granted the plaintiff's request for an award of the good time credit he contends he is entitled to receive.

The plaintiff alleges, *see id*. ¶¶ 28-30 (Count I), that the BOP and the USPC negligently "caused [him] not to benefit from the [Good Time Credit Act] by not applying accrued good time credit[] to the nonmandatory sentence [he] is serving," *id*. ¶ 28; *see id*. ¶ 26.  He also brings a conversion claim against the BOP, *see id*. ¶¶ 31-33 (Count II), alleging that the BOP "unlawfully converted [his] personal property for its own personal use or in the alternative exerted wrongful dominion over [his] property," *id*. ¶ 25, that is, accrued good time credit.  Lastly, the plaintiff brings a constitutional claim against both defendants, *see id*. ¶¶ 35-36 (Count III), alleging that the BOP and the USPC have deprived him of "a protected property interest in receipt of good time credits," *id*. ¶ 35, in spite of the defendants' obligation to give "full faith and credit . . . to the [Good Time Credit Act], as mandated by [the] Constitution of the United States," *id*.  For this

purported violation of his due process rights under the Fifth Amendment, *id*. ¶ 4, and for the other injuries allegedly caused by the defendants, the plaintiff demands compensatory and punitive damages, *see id*. ¶¶ 30, 33, 36, 38.

## II. DISCUSSION

### A. Venue

The plaintiff invokes 28 U.S.C. §§ 2671 and 2674 as bases for the Court's subject matter jurisdiction with respect to the "various common law state torts" allegedly committed by the defendants. Am. Compl. ¶ 4; *see* Complaint, ECF No. 1-1 & Ex. (Claim for Damage, Injury or Death (Standard Form 95) dated December 9, 2013). Thus, the plaintiff's negligence and conversion claims proceed under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-80 (2012).[1]

The defendants argue, *see* Defendants' Motion to Dismiss, ECF No. 5 ("Defs.' Mot.") at 5, that venue for an FTCA claim is governed by 28 U.S.C. § 1402(b), which provides that "a civil action on a tort claim against the United States . . . may be prosecuted in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred," *id*. Because the plaintiff "is serving his sentence in a [BOP] facility outside of the District of Columbia, and there is no allegation that the good time credits calculation occurred in the District of Columbia," defendants contend that "his FTCA claim regarding good time credits . . . is properly dismissed for improper venue." Defs.' Mot. at 5.

---

[1]  An action under the FTCA proceeds only against the United States, 28 U.S.C. § 2679(a); *see Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990), yet the plaintiff does not specifically name the United States as the defendant in this action. Mindful of the plaintiff's status as a *pro se* litigant, for purposes of this Memorandum Opinion, the Court proceeds as if the United States had been named the sole defendant.

The plaintiff responds that the defendants' "conduct has occurred in this district and its effects ha[ve] caused [the] plaintiff's problems in the District of Columbia." Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 9 ("Pl.'s Opp'n"), at 3; *see* Am. Compl. ¶ 5 (asserting that venue is proper under 28 U.S.C. § 1391(b) because "all defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district"). Alternatively, the plaintiff argues, "if the Court determines that venue is improper, dismissal would not be warranted," particularly in light of his status as a *pro se* litigant. *Id*. at 4.

"Venue as to [the] plaintiff's Federal Tort Claims Act claim[s] is governed by 28 U.S.C. § 1402(b), the general venue statute governing suits in which the United States is a defendant." *Bartel v. FAA*, 617 F. Supp. 190, 198 (D.D.C. 1985) (citations omitted). The allegations of the plaintiff's amended complaint support the defendants' argument that the conduct giving rise to the plaintiff's tort claims did not occur in the District of Columbia. *See* Defs.' Mot. at 5-6. The plaintiff appears to have been incarcerated at BOP facilities outside of the District of Columbia at all times relevant to the complaint. *Id*. Furthermore, for venue purposes, a prisoner "resides" where he is incarcerated. *See In re Pope,* 580 F.2d 620, 622 (D.C. Cir. 1978) (per curiam) (citation omitted). This district therefore is not the proper venue for litigating the plaintiff's claims. *See, e.g.*, *Void-El v. O'Brien*, 811 F. Supp. 2d 255, 260 (D.D.C. 2011); *Zakiya v. United States*, 267 F. Supp. 2d 47, 58-59 (D.D.C. 2003).

If a case is filed in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As the plaintiff notes, *see* Pl.'s Opp'n at 4, transfer is favored over dismissal in a case filed by a *pro se* litigant, *see, e.g.*, *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009). Transfer is not warranted, however, where it appears that dismissal by the

transferee court is likely because the complaint fails to state a claim upon which relief can be granted. *See Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 133-34 (D.D.C. 2013). This is such a case. As is discussed below, the plaintiff concedes that the Court lacks subject matter jurisdiction over his constitutional claims and that a petition for a writ of habeas corpus is the proper means by which to obtain the relief he seeks.

## B. Sovereign Immunity

The defendants argue that the doctrine of sovereign immunity bars the plaintiff's claims against the BOP and the USPC under 42 U.S.C. § 1983, *see generally* Defs.' Mot. at 6-7, and, therefore, the claims must be dismissed for lack of subject matter jurisdiction, *id*. at 6. The Court's review of the plaintiff's opposition reveals that he failed to address this argument, notwithstanding the Court's order, *see* Order, ECF No. 6, advising the plaintiff of the consequences of his failure to respond to the defendants' motion. Accordingly, the Court treats this portion of the defendants' motion as conceded. *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004); *see also FDIC. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *Bell v. Redding*, 539 F. Supp. 2d 423, 424-25 (D.D.C. 2008) (treating motion as conceded where plaintiff failed to file opposition even after order advised her "of her obligation to file an opposition to defendant's motion to dismiss and the consequences of her failure to do so"); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (dismissing various counts of complaint as conceded, noting that "[t]he court's role is not to act as an

advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss").

Even if the Court had to address the merits of the defendant's sovereign immunity argument, dismissal of the plaintiff's constitutional claims would be required. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not waived its sovereign immunity for constitutional tort claims. *See FDIC v. Meyer*, 510 U.S. 471, 477 (1994). The USPC is a federal government entity; neither the USPC nor any one of its Commissioners is subject to a suit for damages under 42 U.S.C. § 1983 for an action taken with respect to a District of Columbia Code offender. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Similarly, the BOP is a federal government agency and the doctrine of sovereign immunity deprives this Court of "subject matter jurisdiction over a suit for damages against the BOP arising from alleged constitutional violations." *Jefferson v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 43, 46 (D.D.C. 2009).

### C. Habeas Relief

The defendants argue that the relief the plaintiff seeks, that is, "a determination that he is entitled to immediate relief or a speedier relief from imprisonment," is available only through a writ of habeas corpus, not through a civil action under 42 U.S.C. § 1983. Defs.' Mot. at 7. The plaintiff has not responded to this argument either, and it, too, is treated as conceded.

The Court notes that if the plaintiff were successful in obtaining an award of good time credit, his release from imprisonment would likely occur sooner. Insofar as the plaintiff demands damages for an unlawful period of detention, his must first proceed in habeas. *See Skinner v. U.S. Dep't of Justice*, 584 F.3d 1093, 1101 (D.C. Cir. 2009). The proper respondent

in a habeas corpus action is the warden of the facility where the plaintiff currently is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). This Court "may not entertain a habeas petition involving [the plaintiff's] present physical custody" where, as here, the plaintiff is not detained in this district. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

### III.  CONCLUSION

The Court concludes that venue in this district is not proper and that sovereign immunity bars the plaintiff's constitutional claims against the BOP and the USPC. The defendants' motion to dismiss will therefore be granted. An Order accompanies this Memorandum Opinion.

DATE: March 23, 2015                              /s/
                                                  REGGIE B. WALTON
                                                  United States District Judge